UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

MURRAY HAWKINS,

           Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**

16-CR-189 (JMA)

**FILED
CLERK**

1/5/2021 12:15 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**APPEARANCES:**

Seth D. DuCharme
   Acting United States Attorney
Mark E. Misorek
   Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
   *Attorneys for the United States*

Murray Hawkins
#89305053
FCI Allenwood
PO Box 2000
White Deer, PA 17887
   *Pro Se Defendant*

**AZRACK, United States District Judge:**

Pending before the Court is the motion for compassionate release of defendant Murray Hawkins ("Defendant"). (ECF Nos. 54, 55.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

### A. Guilty Plea and Sentence

On April 13, 2017, Defendant pleaded guilty to brandishing and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and 18 U.S.C. § 924(c)(1)(C).

(ECF No. 34.) After committing an armed bank robbery in Bay Shore, New York, Defendant and a coconspirator led law enforcement on a high-speed car chase from Suffolk into Nassau County. (ECF No. 1.) When Defendant was ultimately taken into custody, two loaded firearms were recovered from his vehicle. (Id.)

On February 1, 2018, this Court sentenced Defendant to 84 months of imprisonment followed by five years of supervised release. (ECF No. 47.) Defendant is currently incarcerated at FCI Allenwood and is expected to be released on December 30, 2021.

### B. The Instant Motion

Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF Nos. 53, 54, 55.) Defendant argues that he should either be released or sent to home confinement because he has tested positive for COVID-19 and, he claims, the Bureau of Prison ("BOP") has not responded adequately to the pandemic. (Id.) The government opposes his motion. (ECF No. 56.)

## II. LEGAL STANDARD

### A. Standard of Review

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed." United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-CR-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

### III.  DISCUSSION

#### A.  Exhaustion

The parties do not dispute that Defendant exhausted his administrative remedies when the Warden of Allenwood denied both his request for compassionate release on October 16, 2020 and his subsequent appeal of that decision on October 20, 2020.  (ECF No. 55 at 3-4.)

#### B.  Extraordinary and Compelling Reasons for Release

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist."  United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020).  Defendant has failed to meet his burden.  Though the Court recognizes the severity of Defendant's positive COVID-19 diagnosis, he fortunately does not appear to have a severe case.  Defendant is a forty-year old who does not appear to have any underlying health conditions that place him at an increased risk of suffering severe complications from the disease.  In addition, he has not alleged that the BOP failed to provide him with adequate treatment following his positive diagnosis.

Given that Defendant "has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense."  United States v. Hardy, No. 11-CR-629, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020).  Since "the main point of releasing an individual is to decrease the person's chance of contracting COVID-19," the Court declines to find that there are extraordinary and compelling reasons to reduce his sentence given his current situation.  United States v. Rodriguez, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020).

4

C. **Consideration of Section 3553(a) Factors**

Additionally, the Section 3553(a) sentencing factors weigh against granting compassionate release.[1]  Though the Court commends Defendant for his efforts at self-improvement and rehabilitation while incarcerated, they do not entitle him to compassionate release.  Defendant pleaded guilty to a serious offense in which he placed the safety of the public at risk by entering a bank with a loaded firearm and then leading law enforcement on a highspeed car chase.  A reduction of the Court's original sentence would fail to reflect the seriousness of the offenses Defendant committed and would not provide a just punishment for his conduct. In addition, compassionate release would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.  Given Defendant's record of a prior felony conviction and 35 prior misdemeanor convictions, a sentence reduction would undermine the Court's attempt to use his sentence to promote respect for the law and serve as a deterrent for criminal conduct for both Defendant and the general public.  Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.

---

[1] These factors are:
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) [the kinds of sentences and sentencing range provided for in the USSG]
   (5) any pertinent [Sentencing Commission policy statement]
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED** without prejudice to its renewal.

**SO ORDERED.**

Dated: January 5, 2021
      Central Islip, New York

                                                          /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE